IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KELVIN ANDRE SPOTTS,

    Petitioner,

vs.                                                                        CIVIL ACTION NO. 3:00-0647
                                                                         CRIMINAL ACTION NO. 3:98-00047-01

UNITED STATES OF AMERICA ,

    Respondent.

**ORDER**

    Pending is Petitioner Kelvin Andre Spotts' "Motion to Reconsider Position in the Interests of Justice to Immediately Release Mr. Spotts from Federal Prison after a sua sponte Determination has been made after Applying *Moncrieff v. Holder*, ___ U.S.___ (2013)[1] which Invalidates Mr. Spotts State of Georgia Prior Drug Conviction." ECF No. 1256. In his motion, Petitioner repeats his arguments that his Georgia conviction does not qualify as a felony and, therefore, he should not have received an enhancement in this case pursuant to 21 U.S.C. § 851. However, as this Court stated in its Order dated July 11, 2013, Petitioner's Georgia conviction was for possession with intent to distribute cocaine, which is not a misdemeanor under the Controlled Substance Act. *See U.S. v. Spotts,* 3:98-00047, ECF No. 1208, at 4-5 (copy of Georgia Grand Jury Indictment and Guilty Plea). Therefore, the Court rejects Petitioner's argument.

---

    [1]*Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013).

Petitioner also raises in his motion that the enhancement should not apply to him pursuant to the United States Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), finding "any fact that increases the mandatory minimum is an 'element' that must be submitted to a jury." However, in foonote 1 of *Alleyne*,[2] the Supreme Court expressly stated it was not revisiting the exception set forth in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which the Supreme Court rejected the "petitioner's constitutional claim that his recidivism must be treated as an element of his offense." 523 U.S. at 247. Moreover, in any event, *Alleyne* has not been made retroactive for purposes of collateral review. *U.S. v. Stewart*, No. 13-6775, 2013 WL 5397401, fn. (4th Cir. Sept. 27, 2013) (per curiam) (stating "*Alleyne* has not been made retroactively applicable to cases on collateral review"); *Richards v. U.S.*, Crim. Act. No. 1:07-CR-0412-18-CAP, Civ. Act. No. 1:13-CV-2376-CAP, 2013 WL 5636678, *2 (N.D. Ga. Oct. 15, 2013) (citing a number of cases and finding no "other courts who have considered it have held that *Alleyne* has not been made retroactively applicable to cases on collateral review" (citations omitted)).[3] Accordingly, the Court **DENIES** Petitioner's motion **WITH PREJUDICE**.

The court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this

---

[2]133 S. Ct. at 2160, n.1.

[3]In addition, the Court notes that Petitioner did not seek approval from the Fourth Circuit to file a second or successive § 2255 motion.

Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: December 2, 2013

*/s/ Robert C. Chambers*
ROBERT C. CHAMBERS, CHIEF JUDGE