IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

vs.                                           CRIMINAL ACTION NO. 3:98-00047-01

KELVIN ANDRE SPOTTS, a/k/a Shorty

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Kelvin Andre Spotts' *pro se* "Motion to Reopen Writ of Coram Nobis in Accordance with Federal Rules of Civil Procedure Rule 60(B)(1)-(6)." ECF No. 1605. Defendant previously filed a "Motion for Writ of Coram Nobis" on March 9, 2023. ECF No. 1583. The Court denied the motion on March 28, 2023, finding it really was a successive petition pursuant to 28 U.S.C. § 2255. ECF No. 1584. On appeal, the Fourth Circuit found Defendant could not seek relief through a coram nobis petition because he was still serving his supervised release term and, therefore, he was considered to be "in custody" for purposes of 28 U.S.C. § 2255. *United States v. Spotts*, No. 23-6394, 2023 WL 5666388 (4th Cir. 2023). The Fourth Circuit affirmed this Court's decision, but it modified it to reflect a dismissal without prejudice for lack of jurisdiction. *Id*. Defendant now has completed his term of supervised release and seeks to have his coram nobis motion reopened for consideration on the merits.

As this court lacked jurisdiction to entertain the original motion at the time it was filed and that motion was ruled upon by both this Court and the Fourth Circuit, the Court will not "reopen" it. Nevertheless, as it was denied without prejudice and Defendant is proceeding *pro se*, the Court will liberally construe his pleadings as a request to have the motion refiled anew. Thus,

the Court **DENIES** Defendant's motion to "reopen," but it **DIRECTS** the Clerk to refile Defendant's "Motion for Writ of Coram Nobis" (ECF No. 1583) as a new motion.

Turning to the merits of the motion, Defendant asks, *inter alia*, the Court to vacate his plea agreement and sentence and dismiss the case against him with prejudice. In *United States v. Sutherland*, 103 F.4th 200 (4th Cir. 2024), the Fourth Circuit recently described a writ of coram nobis as an "ancient and rare" doctrine that "affords a district court the authority to vacate a criminal conviction after a defendant's sentence has been completely served." 103 F.4th at 210 (internal quotation marks and citation omitted). Such a writ "is a "remedy of last resort and is narrowly limited to extraordinary cases presenting circumstances compelling its use to achieve justice." *Id*. (internal quotation marks and citation omitted). To be granted such extraordinary relief, Defendant must demonstrate that:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (internal quotation marks and citation omitted). Additionally, a court should not grant coram nobis relief "where a defendant seeks to assert claims that were, or that could have been, raised through a § 2255 motion." *United States v. Reed*, Crim. Act. No. 3:05-3, 2016 WL 3580770, at *4 (N.D. W. Va. June 28, 2016) (citing *Akinsade*, 686 F.3d at 252). Otherwise, "every criminal defendant would be able to circumvent the prohibition on second or successive [§ 2255] petitions by challenging his conviction once while in custody and again immediately upon completing his sentence." *Id.* (citing *Benardi v. United States*,

2

171 F. App'x 387, 389 (3d Cir. 2006) (stating a defendant cannot be awarded coram nobis relief "merely because he has previously suffered an adverse decision in a § 2255 proceeding, has been unsuccessful in his numerous endeavors to obtain authorization to file a second or successive § 2255 motion, and is now no longer in custody for the purposes of § 2255")). In other words, "*coram nobis* may not be used to relitigate matters raised in a § 2255 motion." *Bennett v. United States*, Crim. Act. No. 87 CR 874, 1997 WL 285987, at *2 (N.D. Ill. May 22, 1997) (citing *Willis v. United States,* 654 F.2d 23 (8th Cir.1981)).

In his motion, Defendant makes a number of arguments, which summarized include: he was "deprived" of counsel and the seizure of his assets made it impossible for him to retain the counsel of his choice; as a result of ineffective assistance of counsel, his guilty plea was not knowingly, intelligently, and voluntarily made; federal jurisdiction was manufactured; and there was prosecutorial and police misconduct. The Court finds Defendant has filed dozens upon dozens of motions for nearly three decades and he has raised nearly all these arguments in some form or fashion unsuccessfully multiple times since his conviction. *See, e.g.*, *United States v. Spotts*, 203 F.3d 824 (4th Cir. 2000)[1] (denying Defendant's motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), and finding Defendant's claims of ineffective assistance of counsel, prosecutorial misconduct, and a flawed indictment are without merit); *U.S. v. Spotts*, Crim. Act. No. 3:98-00047, Civ. Act. 3:00-0647 (Sept. 30, 2003), ECF No. 736 (accepting and incorporating the Proposed Findings and Recommendations of the Magistrate Judge, who

---

[1] A petition for *writ of certiorari* was denied by the Supreme Court. *Spotts v. United States*, 530 U.S. 1236 (2000).

3

recommended, inter alia, the denial of Defendant's ineffective assistance arguments and attempts to withdraw his guilty plea). Defendant cannot circumvent and relitigate those decisions merely because his previous motions were unsuccessful.

To the extent Defendant now asserts he was "deprived" of counsel, the Court finds the argument is without merit. Although Defendant argues he should have been able to use seized funds that was subject to forfeiture to hire counsel of his own choosing, he agreed in his Plea Agreement that the assets constituted the proceeds of his criminal activities and he agreed to the forfeiture. *Plea Agreement*, at 4-5 (Sept. 18, 1998), ECF No. 385. Likewise, when the Court asked Defendant about the forfeiture at his plea hearing, he admitted the assets were derived from his crimes. *Tr. of Plea Hrg.*, at 46-48 (Sept. 18, 1998), ECF No. 514. For Defendant now to assert he was deprived of counsel because the Court should have held a separate hearing to determine whether any of his assets were from legitimate means that he could have been used to pay for retained counsel is baseless, particularly as Defendant had appointed counsel and has failed to show his appointed counsel was ineffective.[2]

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's "Motion to Reopen Writ of Coram Nobis in Accordance with Federal Rules of Civil Procedure Rule

---

[2]Moreover, according to the Presentence Report, Defendant reported to the Probation Office that he had not been employed since the late 1980s, when he had worked as a gate agent for an airline and a loader for United Parcel Service, both of which lasted less than a year. *Presentence Report*, ¶111, ECF No. 538. It is well established that Defendant was the leader of a large drug conspiracy, and it appears that his sole source of income for many years was his drug distribution activities. *Id*. ¶114.

4

60(B)(1)-(6)" (ECF No. 1605), but it **DIRECTS** the Clerk to refile his "Motion for Writ of Coram Nobis" (ECF No. 1583) as a new motion. Upon review of the merits of that motion, the Court finds Defendant is attempting to relitigate his unsuccessful prior motions and there are no errors of a fundamental character that warrant such rare and extraordinary relief as coram nobis. Therefore, the Court **DENIES** the motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   April 2, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE